IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02088-CMA-CBS
(Criminal Action No. 01-CR-00165-CMA)

UNITED STATES OF AMERICA,

v.

ALBERT CELIO,
    Movant.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" filed by Mr. Celio in his *pro se* capacity on October 31, 2008 (doc. # 479). Pursuant to the Order of Reference dated November 14, 2008 (doc. # 484), the matter was referred to the Magistrate Judge.

Proceeding *pro se*, Mr. Celio filed an initial "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" with a 211-page supporting memorandum (2255 Presentation of the Facts") and more than 500 pages of exhibits on September 26, 2008. (*See* doc. # 472). The court acknowledged its responsibility to construe Mr. Celio's documents liberally based on his *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and on October 2, 2008 ordered Mr. Celio to file an amended § 2255 motion. The court noted that Mr. Celio's initial Motion did not comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides that "[t]he motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Although Mr. Celio submitted a form § 2255 motion, he did

1

not assert his claims on that form, referring instead to the lengthy memorandum that listed Movant's claims. The court noted that "burying claims in the middle of a lengthy supporting memorandum does not substantially follow the form § 2255 motion appended to the Rules Governing Section 2255 Proceedings or the form § 2255 motion available from the Clerk of the Court." (*See* doc. # 477). The court further noted that Mr. Celio failed "to set forth a short and plain statement of his claims showing that he is entitled to relief," citing Rule 12 of the Rules Governing Section 2255 Proceedings ("[t]he Federal Rules of Civil Procedure . . ., to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules"). Applying the pleading requirements of Fed. R. Civ. P. 8(a) to Mr. Celio's Motion, the court noted that his claims were "not presented in a clear and concise manner that allows the Court and the government to know precisely how Movant believes his rights have been violated and why he believes he is entitled to relief." The court directed Mr. Celio "to file an amended § 2255 motion if he wishes to pursue his claims. Movant must present his claims clearly and concisely in a manner that substantially follows either the form appended to the Rules Governing Section 2255 Proceedings or the Court's own form motion that is available from the Clerk of the Court."

On October 31, 2008, Mr. Celio filed his second "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (doc. # 479). Mr. Celio's second Motion suffers from all of the same defects pointed out by the court about his first Motion. Mr. Celio's second Motion consists of 35 pages encompassing 12 claims with approximately 158 purported "issues." (*See* doc. # 479). Mr. Celio has submitted an additional "2255 Appeal Memorandum Presentation of case" (doc. # 480), a 213-page "2255 Presentation of the Facts" (doc. # 481), and a 36-page "Supplementation to the record – 2255" (doc. # 485). Once again, the court notes that "burying claims in the middle of a lengthy supporting memorandum does not substantially follow the form § 2255 motion appended to the Rules Governing Section 2255 Proceedings or the form § 2255

motion available from the Clerk of the Court" and that Mr. Celio has failed "to set forth a short and plain statement of his claims showing that he is entitled to relief." (Quoting doc. # 477).

Accordingly, IT IS ORDERED that:

1. On or before April , 2009, Mr. Celio shall file a second amended § 2255 motion that complies with the requirements specified in this Order and the court's October 2, 2008 Order.

2. Failure to file a second amended Motion within the time allowed may result in denial of the Motion filed on October 31, 2008 (doc. # 479) and dismissal of this civil action without further notice.

Dated at Denver, Colorado this 18th day of March, 2009.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge