IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02088-CMA-CBS
(Criminal Action No. 01-CR-00165-CMA)

UNITED STATES OF AMERICA,
    Respondent,
v.

ALBERT CELIO,
    Movant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Celio's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (filed April 28, 2009) (doc. # 495). Pursuant to the Order of Reference dated November 14, 2008 (doc. # 484), the matter was referred to the Magistrate Judge "to file proposed findings of fact and recommendations for disposition."

Proceeding *pro se*, on September 26, 2008 Mr. Celio filed his initial "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" with a 211-page supporting memorandum ("2255 Presentation of the Facts") and more than 500 pages of exhibits. (*See* doc. # 472). Acknowledging its responsibility to construe Mr. Celio's documents liberally based on his *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), on October 2, 2008 the court ordered Mr. Celio to file an amended § 2255 motion. (*See* doc. 3 477). The court noted that Mr. Celio's initial Motion did not comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides that "[t]he motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Although Mr. Celio submitted a form § 2255

1

motion, he did not assert his claims on that form, referring instead to the lengthy memorandum that listed his claims. The court noted that "burying claims in the middle of a lengthy supporting memorandum does not substantially follow the form § 2255 motion appended to the Rules Governing Section 2255 Proceedings or the form § 2255 motion available from the Clerk of the Court." (*See* doc. # 477). The court further noted that Mr. Celio failed "to set forth a short and plain statement of his claims showing that he is entitled to relief," citing Rule 12 of the Rules Governing Section 2255 Proceedings, which states that "[t]he Federal Rules of Civil Procedure . . ., to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules". Applying the pleading requirements of Fed. R. Civ. P. 8(a) to Mr. Celio's Motion, the court noted that his claims were "not presented in a clear and concise manner that allows the Court and the government to know precisely how Movant believes his rights have been violated and why he believes he is entitled to relief." (*See* doc. # 477). The court directed Mr. Celio "to file an amended § 2255 motion if he wishes to pursue his claims. Movant must present his claims clearly and concisely in a manner that substantially follows either the form appended to the Rules Governing Section 2255 Proceedings or the Court's own form motion that is available from the Clerk of the Court." (*See* doc. # 477). The court warned Mr. Celio that failure to file an appropriate amended § 2255 Motion within the time allowed may result in denial of relief without further notice. (*See* doc. # 477 at p. 3 of 3).

On October 31, 2008, Mr. Celio filed his second "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255." (*See* doc. # 479). The court noted that Mr. Celio's second Motion suffered from all of the same defects pointed out by the court regarding his first Motion. (*See* Amended Order (doc. # 488)). Mr. Celio's second Motion consisted of 35 pages encompassing 12 claims with approximately 158 purported "issues." (*See* doc. # 479). Accompanying his second Motion, Mr. Celio submitted a "2255 Appeal Memorandum Presentation

of Case" (doc. # 480), a 213-page "2255 Presentation of the Facts" (doc. # 481), and a 36-page "Supplementation to the record – 2255" (doc. # 485).  The court again noted that "burying claims in the middle of a lengthy supporting memorandum does not substantially follow the form § 2255 motion appended to the Rules Governing Section 2255 Proceedings or the form § 2255 motion available from the Clerk of the Court" and that Mr. Celio has failed "to set forth a short and plain statement of his claims showing that he is entitled to relief."  (*See* doc. # 488 (quoting doc. # 477)).  Thus, on March 18, 2009, the court ordered Mr. Celio to file on or before April 20, 2009 a second amended § 2255 motion that complies with the requirements specified in both the March 18, 2009 and the October 2, 2008 Orders.  (*See* doc. # 488).  The court warned Mr. Celio that failure to file an appropriate second amended Motion within the time allowed may result in denial of relief and dismissal of this civil action without further notice.  (*See* doc. # 488).

On April 20, 2009, Mr. Celio filed a third "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" and a motion requesting an extension of time "to submit 2255 with memorandum. . . ."  (*See* docs. # 489 and # 490).  Mr. Celio's third Motion consists of 22 pages encompassing 12 claims with numerous indistinct purported "claims."  (*See* doc. # 490).  On April 27, 2009, the court granted Mr. Celio's request for an extension.  (*See* doc. # 494).  On April 28, 2009, Mr. Celio filed a fourth "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," consisting of 117 pages setting forth approximately 10 claims with dozens of subparts.  (*See* docs. # 495 and # 495-2).  Mr. Celio incorporated by reference a 149-page "2255 Memorandum Statement  of Case."  (*See* docs. # 495-3 and # 495-4).  Mr. Celio also filed a 30-page "Addendum" on May 7, 2009.  (*See* doc. # 498).

Section 2255 authorizes the sentencing court to discharge or resentence the defendant if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255.  While "[t]he court views pro se pleadings with considerable liberality and holds such pleadings to less stringent standards than those applied to pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must follow the rules of federal procedure, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  Mr. Celio's Motion continues to suffer from all of the same defects pointed out by the court regarding his previously filed Motions.

Once again, Mr. Celio has buried his claims in a lengthy Motion, supporting memorandum, and addendum that do not substantially follow the required format for § 2255 motions.  Mr. Celio has not set forth a short and plain statement of his claims or stated clearly and concisely how he is entitled to relief under § 2255.  Mr. Celio challenges as false hundreds of statements made by the witnesses at trial, statements made outside of the trial, and exhibits.  (*See, e.g.*, doc. # 498 at pp. 2, 4-5, 12-30 of 30; doc. # 495 at pp. 16-24, 26-44 of 55; doc. # 495-3 at pp. 12-79 of 79; doc. # 495-4 at pp. 1-28, 32-36, 49-54 of 70).  Mr. Celio alleges dozens of ways that his defense counsel was ineffective.  (*See* doc. # 495 at pp. 46-54 of 55).  Mr. Celio alleges dozens of instances of prosecutorial misconduct based on statements made at trial and in written filings.  (*See* doc. # 495-2 at pp. 1-24 of 62).  Mr. Celio describes the alleged prosecutorial misconduct as "a profuse onslaught of prosecution misconduct that undermined Defendant at every turn . . . ."  (*See* doc. # 495-2 at p. 27 of 62).  Mr. Celio's Motion may also be described as "a profuse onslaught" of accusations and condemnations that do not comply with the court's orders or the Federal Rules of Civil Procedure.  Mr. Celio's allegations regarding "Defense of Necessity" and "Immunity" are difficult to understand.  (*See* doc. # 495-2 at pp. 27-32 of 62).  In his Motion, Mr. Celio asks the Tenth Circuit to "reverse its decision based on 2255 evidence . . . ."  (*See* doc. # 495-4 at p. 49 of 70); *see also United States v. Celio*, 230 Fed. Appx. 818 (10th Cir. April 30, 2007) (affirming Mr. Celio's conviction).  This court does not have the authority, even based on Mr. Celio's  § 2255

motion, to reverse the Tenth Circuit's decision.  Mr. Celio lists six pages of citations to legal authority without any reference to them within his Motion.  (*See* doc. # 495-4 at pp. 60-65 of 70).

The court has afforded Mr. Celio multiple opportunities to eliminate the prolixity in his Motion and his filings demonstrate that he has not even attempted to comply.  (*See* docs. # 479, # 490, # 495).  Mr. Celio's Motion still fails to comply with the pleading requirements under Rule 8(a).  Every version that Mr. Celio has filed of his § 2255 Motion is overly long, prolix, vague, and confusing.  Mr. Celio still fails to allege, simply and concisely, his specific claims.  The court is not required to sort through Mr. Celio's voluminous, poorly drafted Motion in order to construct his causes of action.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371-72 (10th Cir. 1989) (court need not attempt to match factual assertions to elements of statute to determine if complaint states a claim for relief and defendants not required "to piece together the plaintiff's complaint").

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a case with prejudice for failure to comply with Rule 8(a).  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).  "Dismissing a case with prejudice, however, is a significantly harsher remedy . . . and we have held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  *Nasious*, 492 F.3d at 1162 (citations omitted).  "Specifically, [t]hese criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Nasious*, 492 F.3d at 1162 (internal quotation marks and citations omitted).

Considering the applicable criteria, the court finds first that while the court has not yet

directed Respondents to respond to Mr. Celio's Motion, Respondents would be prejudiced by having to respond to a Motion "as wordy and unwieldy" as Mr. Celio's remains. *Nasious*, 492 F.3d at 1162-63 (citations omitted). Second, Mr. Celio's continuing disregard for the court's orders has increased the workload of the court and interfered with the administration of justice. The court has repeatedly reviewed the file and ordered that Mr. Celio must present his claims clearly and concisely and Mr. Celio has not complied. (*See* docs. # 477, # 488). "[D]istrict judges assigned the task of measuring legal pleadings against certain criteria . . . have their task made immeasurably more difficult by pleadings as rambling, and sometimes incomprehensible, as Mr. [Celio]'s." *Nasious*, 492 F.3d at 1163. Third, the record does not reveal that anyone other than Mr. Celio is culpable for his ongoing failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. Fourth, the court has repeatedly explained the relevant procedural requirements and their possible adverse effect on this legal action and warned Mr. Celio that this civil action may be dismissed for failure to comply with the court's orders and the Federal and Local Rules. (*See* docs. # 477, # 488). Finally, there is no lesser sanction available under the circumstances. The court has already afforded Mr. Celio multiple amendments and additional time. It would be pointless to impose an alternative sanction on Mr. Celio, who has repeatedly failed to comply with previous court orders and the Federal and Local Rules. The court's analysis of the applicable factors thus supports dismissal of this civil action with prejudice for failure to comply with the court's orders and the Local Rules of Practice of the United States District Court for the District of Colorado.

Accordingly, IT IS RECOMMENDED that Mr. Celio's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (doc. # 495) be DENIED and this civil action be DISMISSED WITH PREJUDICE.

Dated at Denver, Colorado this 5th day of August, 2009.

BY THE COURT:

<u>   s/Craig B. Shaffer          </u>
United States Magistrate Judge