**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-02365-CMA
(Criminal Case No. 01-cr-00165-CMA-1)

UNITED STATES OF AMERICA,
    Respondent,

v.

ALBERT CELIO,
    Movant.

---

**ORDER ADOPTING AND AFFIRMING MAY 20, 2011 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Mr. Albert Celio's fifth iteration of his "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. [§] 2255."  (Doc. # 537.) Pursuant to an Order of Reference dated November 14, 2008 (Doc. # 484), this case was referred to Magistrate Judge Craig B. Shaffer "to file proposed findings of fact and recommendations for disposition."  On May 20, 2011, the Magistrate Judge issued his Recommendation concerning Mr. Celio's Motion, recommending that it be denied and this civil action be dismissed with prejudice.  (Doc. # 560 at 46.)

## I. **BACKGROUND**[1]

After a three-day jury trial in April of 2005, Mr. Celio (at the time a Doctor of Osteopathy licensed in Colorado) was convicted on four counts of dispensing and distributing a controlled substance in violation of the Controlled Substances Act, 21

---

[1] The factual and procedural history is set forth in greater detail in the Magistrate Judge's Recommendation.  (Doc. # 560 at 1-9.)

U.S.C. § 841(a)(1) and (b)(1)(C).  After Mr. Celio appealed, his conviction was affirmed on April 30, 2007, *see United States v. Celio*, 230 F. App'x 818 (10th Cir. 2007), and his petition for writ of certiorari with the United States Supreme Court was denied on October 1, 2007.  *See Celio v. United States*, 552 U.S. 924 (2007).

Mr. Celio, proceeding *pro se,* filed his first § 2255 motion on September 26, 2008.  (Doc. # 472).  That initial motion was 211 pages and was supported by more than 500 pages of exhibits.  As the Magistrate Judge found, Mr. Celio failed to present his claims in a clear and concise manner that allowed the Court and the government to understand why Mr. Celio believed he was entitled to the requested relief.  (Doc. # 477.)  Thus, the Magistrate Judge directed Mr. Celio to file an amended § 2155 motion in accordance with the Local Rules and the Federal Rules of Civil Procedure, which require a movant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Mr. Celio's attempt to comply with the pleading requirements consisted of a relatively slim 35-page motion, accompanied by a not-so-slim 213-page "2255 Presentation of the Facts," and, for good measure, a 36-page "Supplementation to the record - 2255."  (Doc. ## 479, 481, 485.)  The Magistrate Judge again ordered Mr. Celio to amend his motion in order to "set forth a short and plain statement of his claims showing that he is entitled to relief."  (Doc. # 488.)  Mr. Celio next filed a 22-page § 2255 motion simultaneously with a motion requesting an extension of time "to submit 2255 with memorandum . . .."  (Doc. ## 489, 490.)  Mr. Celio's fourth § 2255 motion consisted of 117 pages, incorporated by reference a 149-page "2255 Memorandum Statement of

2

Case," and was supplemented by a 30-page "Addendum."  (Doc. ## 495, 495-2, 495-3, 498.)  Again, this motion did not set forth a short and plain statement of his claims.

Given Mr. Celio's demonstrated inability to comply with both the Magistrate Judge's orders and the Federal Rules of Civil Procedure, the Magistrate Judge recommended that Mr. Celio's fourth § 2255 motion be denied and this civil action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  The Magistrate Judge acknowledged that "[d]ismissing a case with prejudice . . . is a significantly harsher remedy" than dismissing a case without prejudice.  (Doc. # 501 at 5.)  However, as the Magistrate Judge stated:

> The court has afforded Mr. Celio multiple opportunities to eliminate the prolixity in his Motion and his filings demonstrate that he has not even attempted to comply.  Mr. Celio's Motion still fails to comply with the pleading requirements under [Fed. R. Civ. P. 8(a)].  Every version that Mr. Celio has filed of his § 2255 Motion is overly long, prolix, vague, and confusing.  Mr. Celio still fails to allege, simply and concisely, his specific claims.

(Doc. # 501 at 5.)  This Court accepted the Magistrate Judge's Recommendation, denied Mr. Celio's Motion, and dismissed this civil action with prejudice.  (Doc. # 514.)  The Tenth Circuit reversed the dismissal of Mr. Celio's motion and remanded "for the district court to provide further guidance to Celio regarding the form of his motion." *Celio*, 388 F. App'x 758, 759 (10th Cir. 2010).

At a motion hearing held on October 5, 2010, the Magistrate Judge provided further guidance.[2]  (*See* Doc. # 556.)  The Magistrate Judge identified numerous

---

[2] In reversing this Court's order dismissing the case with prejudice, the Tenth Circuit instructed that "the court 'should advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

3

examples of deficiencies in Mr. Celio's previous motions and explained why they were deficient. For example, the Magistrate Judge explained that case law does not support granting § 2255 motions based on immaterial inconsistencies in trial testimony or on allegations of unethical pretrial activity by the prosecutor related to Mr. Celio's bond status that had no apparent relationship to the jury's finding of guilt at trial. The Magistrate Judge beseeched Mr. Celio to present his arguments in a clear and concise manner, and to focus on the big issues, rather than bombard the court with an avalanche of insignificant issues. The Magistrate Judge informed Mr. Celio that he need not be permitted unlimited opportunities to properly plead his allegations. Although it appears that Mr. Celio made some attempt to follow the Magistrate Judge's instructions, the current incantation of Mr. Celio's § 2255 Motion is still a robust 102 pages (Doc. # 537), and is supplemented by approximately 285 pages of exhibits. (*See* Doc. ## 538-551.) Overall, Mr. Celio has asserted approximately 123 issues, many of them falling squarely in the camp of the irrelevant. The Motion includes "an extensive array of quotes from the record and from outside the record, his own annotations and inferences, and citations to exhibits, attachments and line references." (Doc. # 560.) It remains, as characterized by the Magistrate Judge and the Respondent, a "jumble of verbiage."

On May 20, 2011, the Magistrate Judge again recommended that the case should be dismissed with prejudice because it "would be pointless to impose an

---

the defendant violated.'" *Celio*, 388 F. App'x at 761 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). The Court shares the Magistrate Judge's belief that this guidance had already been provided.

alternative sanction on Mr. Celio, who has repeatedly failed to comply with previous court orders and the Federal and Local Rules." (Doc. # 560 at 12.) However, the Magistrate Judge also reviewed Mr. Celio's Motion on the merits and determined that Mr. Celio was not entitled to relief on any of the issues raised. (Doc. # 560 at 12-45.) Mr. Celio filed his objections on July 26, 2011. (Doc. # 565.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). An objection is timely if made within 14 days after the Magistrate Judge issues his recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection is specific if it "enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *One Parcel of Real Property*, 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

In the absence of a properly made objection, the Court may review a magistrate judge's report "under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150). In conducting its review, the Court may "accept, reject, or modify the [Recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In considering the Magistrate Judge's Recommendation, the Court must construe Mr. Celio's pleadings liberally because of his *pro se* status. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, the Court should not act as an advocate for a *pro se* litigant, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. ANALYSIS

As stated above, a party's objections to a Magistrate Judge's Recommendation must be both timely and specific to require *de novo* review. See Fed. R. Civ. P. 72(b). Mr. Celio's objections are neither.

The Magistrate Judge's Recommendation advised the parties that specific written objections were due within 14 days after being served with a copy of the Recommendation. (Doc. # 560 at 46.) On May 27, 2011, Mr. Celio moved for an extension of time to file his objections. (Doc. # 563.) The Court granted that request, ordering that Mr. Celio "shall have to and including [July 6, 2011] within which to answer or otherwise file his objections . . .." (Doc. # 564.) Despite this extension of time, Mr. Celio did not file his objections until July 26, 2011, twenty days after the deadline had passed. (Doc. # 565.) Mr. Celio offers no explanation for his failure to abide by the Court's deadline.

Mr. Celio's objections also suffer, in large part, from a lack of specificity.³  In the portion of his objections concerning the merits of his claim, Mr. Celio barely references the Magistrate Judge's thorough and comprehensive Recommendation.⁴  (*See* Doc. # 565 at 14-69.)  As this Court has previously stated, the "requirement for specificity is grounded in notions of judicial economy."  *Barron v. Nafziger*, No. 07-cv-01331, 2009 WL 1033776, at *2 (D. Colo. Apr. 15, 2009) (citing *Thomas*, 474 U.S. at 147).  The Magistrate Judge has already expended a great amount of time addressing the merits of Mr. Celio's claims, an arduous task given the prolixity and vagueness of Mr. Celio's Motion.  (*See* Doc. # 560 at 12 n.2.)  Yet, instead of attempting to rebut the Recommendation, or direct this Court to any specific legal or factual errors made by the

---

³ Mr. Celio raises a number of specific objections with respect to the Magistrate Judge's determination that this case be dismissed with prejudice for failure to comply with pleading requirements.  However, the Magistrate Judge did not rely on this justification in recommending dismissal with prejudice; rather, he addressed Mr. Celio's claims on the merits.  Because this Court agrees with the Magistrate Judge's analysis of Mr. Celio's claims on the merits, Mr. Celio's objections as to dismissal with prejudice for failure to comply with pleading requirements are moot.

⁴ There are only two explicit references to the Recommendation buried within this 55-page section of Mr. Celio's objections.  (Doc. # 656 at 42, 43.)  Both references concern the Magistrate Judge's rejection of Mr. Celio's claim that his trial counsel failed to challenge misrepresentations and false statements by the government witnesses.  An attorney's cross-examination "is a matter of trial strategy subject to the strong presumption that the counsel acted reasonably." *Long v. Roberts*, 277 F. Appx, 801, 804 (10th Cir. 2008) (citing *Richie v. Mullin*, 417 F.3d 1117, 1124 (10th Cir. 2005).  Nothing in Mr. Celio's motion overcomes this presumption.  The record demonstrates that Mr. Celio's counsel vigorously cross-examined the government's witnesses at trial. The alleged misrepresentations and inconsistencies detailed by Mr. Celio simply reflect his perception of the witnesses' credibility.  Thus, Mr. Celio cannot establish the first prong of the two-part test for establishing ineffective assistance of counsel, *i.e.*, "his attorney's performance was deficient, as measured against an objective standard of reasonableness."  *Mayes v. Gibson*, 210 F.3d 1284, 1288 (10th Cir. 2000).  Furthermore, none of the alleged misrepresentations and inconsistencies appear material.  Thus, Mr. Celio cannot satisfy the second prong of the test for a successful ineffective assistance of counsel claim, *i.e.*, "a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different."  *Id.*

Magistrate Judge, Mr. Celio simply rehashes the same arguments that he made in his latest § 2255 motion.

Despite finding that Mr. Celio's objections are neither timely nor sufficiently specific, the Court has nonetheless conducted a *de novo* review of this matter, including a careful review of Mr. Celio's Motion, the Recommendation, and Mr. Celio's Objections to the Recommendation. Based on this review, the Court finds that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct. Therefore, the Court ADOPTS and AFFIRMS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 560), filed May 20, 2011, is ACCEPTED, and, for the reasons cited therein, Mr. Celio's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. [§] 2255" (Doc. # 537) is DENIED and this civil action is DISMISSED WITH PREJUDICE.

DATED:  August __25__, 2011

                                            BY THE COURT:

                                            *Christine M. Arguello*

                                            _____
                                            CHRISTINE M. ARGUELLO
                                            United States District Judge