IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02088-CMA-CBS
(Criminal Action No. 01-CR-00165-CMA)

UNITED STATES OF AMERICA,
    Respondent,
v.

ALBERT CELIO,
    Movant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Celio's "Petition for Writ of Error Coram Nobis to Vacate, Set Aside, or Modify Sentence." Pursuant to the memorandum dated February 26, 2013 (Doc. # 583), this matter was referred to the Magistrate Judge. The court has reviewed the Petition and Appendices, Mr. Celio's "Addendum" (filed March 7, 2013) (Doc. # 586), the United States' Response (filed April 11, 2013) (Doc. # 589), Mr. Celio's Reply (filed April 16, 2013) (Doc. # 590), the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.    Statement of the Case

"Defendant-Appellant Albert Celio, a Doctor of Osteopathy licensed in Colorado, was convicted by a jury on four counts of dispensing and distributing a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 841(a)(1) and (b)(1)(C)." *United States v. Celio*, 230 Fed. Appx. 818, 821-23 (10th Cir. April 30, 2007) (Doc. # 466). "He was sentenced to twenty-seven months' imprisonment, followed by three years' supervised release." *Id.* at 823. Mr. Celio is no longer in custody and his supervised release terminated in 2009. (*See* Doc. # 582 at 15 of 101).

1

Mr. Celio was represented at preliminary hearing and arraignment by attorney Dennis Hartley, at trial and sentencing by attorney Harvey A. Steinberg, and on appeal by attorney Clifford J. Barnard. (*See* Doc. # 537 at p. 12 of 15; Doc. # 446; Doc. # 225, Doc. # 53). Mr. Celio appealed his conviction on July 11, 2005. (*See* Doc. # 433). On direct appeal, Mr. Celio challenged his convictions on four grounds: "(1) the evidence presented to the jury provided an insufficient basis for his conviction; (2) the district court failed to instruct the jury that it had to find Celio "knowingly" acted outside the scope of medical practice or without a legitimate medical purpose; (3) the district court abused its discretion in denying Celio's motions for a mistrial based on alleged discovery violations; and (4) prosecutorial misconduct interfered with Celio's right to a fair trial." *See Celio*, 230 Fed. Appx. at 823-31. The Tenth Circuit affirmed Mr. Celio's conviction on April 30, 2007. *See id.* at 831. Mr. Celio filed a petition for writ of certiorari with the Supreme Court on July 26, 2007. (*See* Doc. # 467). The Supreme Court denied the petition on October 1, 2007. *See Celio v. United States*, 552 U.S. 924 (2007) (Doc. # 468).

Proceeding *pro se*, on September 26, 2008 Mr. Celio filed his initial "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" with a 211-page supporting memorandum ("2255 Presentation of the Facts") and more than 500 pages of exhibits. (*See* Doc. # 472). On October 2, 2008 the court ordered Mr. Celio to file an amended § 2255 motion. (*See* Doc. # 477). On October 31, 2008, Mr. Celio filed his second "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," consisting of 35 pages encompassing 12 claims with approximately 158 purported "issues." (*See* Doc. # 479). Accompanying his second Motion, Mr. Celio submitted "2255 Appeal Memorandum Presentation of case" (Doc. # 480), a 213-page "2255 Presentation of the Facts" (Doc. # 481), and a 36-page "Supplementation to the record – 2255" (Doc. # 485). Noting that Mr. Celio's second Motion suffered from all of the same defects

pointed out by the court regarding his first Motion, on March 18, 2009 the court ordered Mr. Celio to file a second amended § 2255 motion to comply with the requirements specified in both the March 18, 2009 and the October 2, 2008 Orders.  (*See* Amended Order (Doc. # 488)).

On April 20, 2009, Mr. Celio filed a third "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" and a motion requesting an extension of time "to submit 2255 with memorandum. . . ."  (*See* Docs. # 489 and # 490).  Mr. Celio's third Motion consisted of 22 pages encompassing 12 claims with numerous indistinct purported "claims."  (*See* Doc. # 490).  On April 27, 2009, the court granted Mr. Celio's request for an extension.  (*See* Doc. # 494).  On April 28, 2009, Mr. Celio filed a fourth "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," consisting of 117 pages setting forth approximately 10 claims with dozens of subparts.  (*See* Docs. # 495 and # 495-2).  Mr. Celio incorporated by reference a 149-page "2255 Memorandum Statement of Case."  (*See* Docs. # 495-3 and # 495-4).  Mr. Celio also filed a 30-page "Addendum" on May 7, 2009.  (*See* Doc. # 498).

On August 5, 2009, the Magistrate Judge issued a Recommendation that Mr. Celio's fourth Motion be denied and this civil action be dismissed with prejudice.  Mr. Celio filed his "Motion to Object" ("Objection") on November 16, 2009.  (*See* Doc. # 508).  Mr. Celio filed a 53-page supplement to his Objection on January 20, 2010.  (*See* Doc. # 513).  On February 10, 2010, the District Judge accepted the Magistrate Judge's Recommendation, denied Mr. Celio's Motion, and dismissed this civil action with prejudice.  (*See* Doc. # 514).  In an Order and Judgment dated July 10, 2010, the Tenth Circuit Court of Appeals reversed the dismissal of Mr. Celio's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" and remanded "for the district court to provide further guidance to Celio regarding the form of his motion."  *See Celio*, 388 Fed. Appx. 758; 759 (10th Cir. July 16, 2010) (Doc. # 524 at p. 2 of 9)).

On August 11, 2010, Mr. Celio filed a "Motion for Clarification . . . " wherein he outlined

numerous claims he sought to raise. (*See* Doc. # 525). The court set a hearing on September 24, 2010, for which Mr. Celio did not appear. (*See* Doc. # 531). The court reset the hearing to October 5, 2010. (*See* Doc. # 532). At the conclusion of the October 5, 2010 hearing, the court permitted Mr. Celio to file an amended motion under § 2255 no later than January 7, 2011. (*See* minutes of Motion Hearing (Doc. # 533)). On December 30, 2010, Mr. Celio sought an extension of time to file his amended motion, which the court granted up to February 7, 2011. (*See* Docs. # 534, # 536). On February 7, 2011, Mr. Celio filed his 102-page fifth "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" and approximately 285 pages of exhibits. (*See* Docs. # # 537-551). Mr. Celio asserted approximately 123 issues supported by an extensive array of quotes from the record and from outside the record, his own annotations and inferences, and citations to exhibits, attachments and line references. (*See* Doc. # 537-1, # 537-2). He challenged almost every aspect of his attorneys' performance, all adverse rulings by the district court, all of the testimony of the witnesses, and every aspect of the government's trial strategy and evidence.

On May 20, 2011, the Magistrate Judge issued a Recommendation that Mr. Celio's fifth "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" be denied. Mr. Celio filed his 77-page Objection to the Recommendation on July 26, 2011. (*See* Doc. # 565). On August 25, 2011, the District Judge accepted the Magistrate Judge's Recommendation, denied Mr. Celio's Motion, and dismissed the civil action with prejudice. (*See* Doc. # 566). The Tenth Circuit Court of Appeals denied Mr. Celio's request for a certificate of appealability and dismissed the appeal. *See United States v. Celio*, No. 11-1410, 463 F. App'x 755 (10th Cir. (Colo.) Feb. 23, 2012) (Doc. # 576). On July 26, 2012, Mr. Celio filed a petition for writ of certiorari in the United States Supreme Court. (*See* Doc. # 578). The Supreme Court denied the petition for a writ of certiorari on January 7, 2013. *See Celio v. United States*, 133 S.Ct. 836 (2013) (Doc. # 585). On February 22, 2013, Mr. Celio filed the instant Petition, asking the court to "vacate, set aside, or modify Celio's

sentence . . . ." (*See* Doc. # 582 at 48 of 101).

II.     Standard of Review

A writ of *coram nobis* is used to attack a judgment that was infirm at the time it was issued for reasons that later came to light. While the 1946 amendment of Fed. R. Civ. P. 60(b) formally abolished the writ of *coram nobis* in civil cases, the Supreme Court held in *United States v. Morgan*, 346 U.S. 502 (1954), that the writ of *coram nobis* could still be pursued in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002). "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 133 S.Ct. 1103, 1106 n. 1 (2013). "[W]here a federal convict cannot bring a § 2255 petition because he or she is no longer in federal custody, *Morgan* permits federal courts to entertain coram nobis applications in extraordinary cases presenting circumstances compelling its use to achieve justice." *Rawlins v. Kansas*, ___ F.3d ___, No. 12-3138, 2013 WL 1799992, at * 6 (10th Cir. Apr. 20, 2013) (internal quotation marks and citations omitted). "In deciding whether to grant the writ, courts have used a three-part test: a petitioner must 1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment." *United States v. Sawyer*, 239 F.3d 31, 38 (1st Cir. 2001). *See also Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012) (internal quotation marks and citation omitted) (The rare remedy of a writ of error of coram nobis is appropriate "only [(a)] to correct errors for which there was no remedy available at the time of trial and [(b)] where sound reasons exist for failing to seek relief earlier."). "This sound reason standard is even stricter than that used to evaluate § 2255 petitions." *Id.* "[T]he burden is on the petitioner to demonstrate that the asserted

error is jurisdictional or constitutional and results in a complete miscarriage of justice." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989). "Indeed, it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Mendoza*, 690 F.3d at 159 (internal quotation marks and citations omitted).

II.     Analysis

In his Petition Mr. Celio again presents claims of ineffective assistance of trial counsel, asserting that "both the prosecution and the court would have . . . accepted a plea agreement if not for [defense counsel] convincing Celio to go to trial." (*See* Doc. # 582 at 47 of 101). Mr. Celio argues different grounds of ineffective assistance than he previously made in his § 2255 Motions: (1) his trial defense counsel "misrepresented the probabilities and Celio's defense in going to trial . . . ," (2) his trial counsel "convinced Mr. Celio to go to trial instead of accepting a plea-agreement based on a 'good faith' defense premise as stated in counsel's motion for judgment of acquittal," (3) based on his trial counsel's advice that "he would not risk significant sentencing exposure, . . . Celio went to trial," (4) his trial counsel's failure "to assess Celio's exposure and consequences thereto, to Rule 120 of the Colorado Medical Board and the financial disabilities after Celio's medical license expired" left him "unable to make an informed and intelligent decision whether, or not, to accept a plea agreement," and (5) his trial attorney did not permit him to sign a statement reflecting acceptance of responsibility for the offense. (*See* Doc. # 582 at 28, 31, 35, 43, 47, of 101).

"The first procedural hurdle [Mr. Celio] faces on the road to coram nobis relief is proving that he has no other remedy available." *Fuller v. United States*, 849 F. Supp. 2d 635, 640 (W.D. Va. 2012). The "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164,

6

166 (10th Cir. 1996) (internal quotation marks and citation omitted). *See also United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011) (affirming denial of writ of *coram nobis* for failure to show that relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate), citing *Embrey v. United States*, 240 F. App'x 791, 794 (10th Cir. (Okla.) July 9, 2007) ("the writ is only available when other remedies and forms of relief are unavailable or inadequate"); *In re Jones*, 226 F.3d 328, 333 94th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *United States v. Ricketts*, 494 F. App'x 876, 877 (10th Cir. (Okla.) Aug. 20, 2012) (petitioner could not use *coram nobis* petition to challenge his conviction because he had failed to show, or even assert, that remedy provided by 28 U.S.C. § 2255 was unavailable or inadequate).

The remedy provided by § 2255 is neither inadequate nor ineffective to test Mr. Celio's most recent challenges to the validity of his judgment and sentence. The fact that Mr. Celio did not prevail on his direct appeal or previous postconviction collateral attacks does not make the § 2255 remedy itself inadequate or ineffective. "[A] petitioner's [f]ailure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *Prost v. Anderson*, 636 F.3d 578, 585 (10th Cir. 2011) (emphasis in original) (internal quotation marks and citations omitted). "[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative." *Id.* While "[a] plaintiff who has served his sentence, and can no longer seek postconviction relief under §2255, can move to set aside a criminal conviction with a writ of error coram nobis . . . [a] writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction became known after a completed sentence when § 2255 relief is unavailable." *Sun v. United States*, 342 F. Supp. 2d 1120, 1126 (N.D. Ga. 2004). Mr. Celio previously pursued his available remedies under § 2255. His additional claims of ineffective assistance of trial counsel could have been brought in his

previous § 2255 motions. While Mr. Celio argues that his "2255 motion, . . . was not finalized until the Supreme Court denied certiorari on January 7, 2013. . ." (*see* Doc. # 582 at 13 of 101), the facts on which Mr. Celio now bases his claims of ineffective assistance were known or available to him when he filed his § 2255 motions. To the extent that Mr. Celio argues that his "civil disabilities were not discovered until after his incarceration or in petitioner's attempts to re-obtain his medical license . . ." (*see* Doc. # 582 at 13 of 101), the grounds to attack his conviction for ineffective assistance of counsel were known to him when he filed his § 225 motions. "This case falls squarely within the procedural bar against using the writ of coram nobis to relitigate the underlying conviction, appeal and collateral proceedings in a criminal case." *Id.* The Petition is yet another attempt to challenge the same conviction he previously challenged on direct appeal and through postconviction collateral attacks. Mr. Celio "has thoroughly exercised his right to challenge his conviction and cannot show that extraordinary relief is necessary or appropriate." *Sun*, 342 F. Supp. 2d at 1126. The writ of error *coram nobis* "is an extraordinary writ and arguments which were raised or could have been raised. . . in a 28 U.S.C. § 2255 proceeding cannot be brought in a coram nobis proceeding." *United States v. Barrow*, No. 08-CV-10111, 2009 WL 3059154, at * 13 (E.D. Mich. 2009) (citation omitted).

If a prisoner's initial § 2255 collateral attack fails, as Mr. Celio's did, Congress has provided for a prisoner to bring a second or successive attack. To bring a successive § 2255 petition, Mr. Celio must first seek authorization from the Tenth Circuit Court of Appeals. See 28 U.S.C. §§ 2244(b)(3), 2255(h). However, only claims based on newly discovered evidence suggestive of innocence or on retroactively applicable constitutional decisions may be brought in a second or successive § 2255 motion. See 28 U.S.C. § 2255(h). To obtain authorization to file a second or successive § 2255 motion, a federal prisoner must demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a

whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). The fact that Mr. Celio "must surmount procedural hurdles to bring a successive § 2255 petition does not make the § 2255 remedy, itself, inadequate or ineffective." *Thornbrugh v. United States*, No. 10-5164, 424 F. App'x 756, 759 (10th Cir. (Okla.) May 26, 2011), citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions.").

The court declines the United States' invitation in the alternative to construe the Petition as a successive motion for § 2255 relief and transfer it to the Tenth Circuit Court of Appeals. "[A]lthough the district court *may* transfer a second or successive § 2255 motion to this court, it is not *required* to do so." *United States v. Medina*, No. 12–3305, 2013 WL 500708, at *2 (10th Cir. Feb. 12, 2013). Had Mr. Celio elected to proceed under § 2255, he would have had to justify his apparent abuse of the writ. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (successive federal habeas petition must be dismissed as abuse of writ unless petitioner can show cause and prejudice or fundamental miscarriage of justice), *superceded in part on other grounds by* 28 U.S.C. § 2244(b). Mr. Celio does not allege cause and prejudice or factual innocence in his Petition. The Petition may not properly be construed as a successive § 2255 motion.

Even if Mr. Celio were not attempting to relitigate matters that could have been raised and addressed in his previous § 2255 motions, "he has failed to allege any error of a fundamental character that would warrant coram nobis relief." *Sun*, 342 F. Supp. 2d at 1127. Mr. Celio contends his claims are based upon a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, citing *Lafler v. Cooper*, 132 S. Ct. 1376, 1384, 1388 (2012)

9

Case 1:01-cr-00165-CMA-CBS   Document 592   Filed 06/07/13   USDC Colorado   Page 10 of 12

and its companion case, *Missouri v. Frye*, 132 S. Ct. 1399 (2012), wherein the Court reaffirmed the existing constitutional right to effective counsel in the plea bargaining process. (*See* Doc. # 582 at 13 of 101). *See Lafler*, 132 S. Ct. at 1384, 1388 (holding that the *Strickland v. Washington*, 466 U.S. 668 (1984), standards apply to plea bargaining even where the defendant rejects the plea offer and has received a full and fair trial); *Frye*, 132 S. Ct. at 1405, 1409 (holding, where a plea offer lapses or is rejected because of counsel's deficient performance, defendant must establish prejudice by showing a reasonable probability that he would have accepted the plea, that the prosecution and trial court would have accepted it, and that the end result "would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."). However, a "new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (internal quotation marks omitted). *See also Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005) ("[A] new rule is made retroactive to cases on collateral review only when the Supreme Court explicitly holds that the rule it announced applies retroactively to such cases."). The Supreme Court has not so held as to either *Lafler* or *Frye*. "*Frye* and *Lafler* . . . do not articulate a new rule of constitutional law." *United States v. Medina*, No. 12–3305, 2013 WL 500708, at *2 (10th Cir. Feb. 12, 2013).[1] Thus, Mr. Celio cannot rely on a new rule of constitutional law to support his Petition for *coram nobis*.

The common law writ of coram nobis "is an extraordinary remedy that is available only in the most compelling circumstances to remedy errors of the most fundamental character." *Sun*, 342 F. Supp. 2d at 1126. "Such compelling circumstances are not present here." *Thornbrugh*, 424 F. App'x at 759. Mr. Celio fails "to allege an error of fundamental character that would warrant

---

[1] The Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits have also held that *Frye* and *Lafler* did not announce a new rule of constitutional law. *See Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013); *In re King*, 697 F.3d 1189 (5th Cir.2012) (*per curiam*); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *Hare v. United States*, 688 F.3d 878 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012).

issuance of a writ of coram nobis."  *Sun*, 342 F. Supp. 2d at 1126.

Accordingly, IT IS RECOMMENDED that Mr. Celio's "Petition for Writ of Error Coram Nobis to Vacate, Set Aside, or Modify Sentence" (filed February 22, 2013) (Doc. # 582) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116,

1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 7th day of June, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge